Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 15 CV 2125

--------------------------------------------------------------X

VICTOR JEFFREY PEGUERO-SOSA, LARIS A. PEREZ-
CASTILLO and RODYN M. PEREZ RAMIREZ,

**COMPLAINT**

           Plaintiffs,

**JURY TRIAL
DEMANDED**

  -against-

LA CREMAILLERE RESTAURANT CORP., and ROBERT
MEYZEN a/k/a ROBERT MAZEN, an individual,

          Defendants.

--------------------------------------------------------------X

1. Plaintiffs, **VICTOR JEFFREY PEGUERO-SOSA, LARIS A. PEREZ-CASTILLO
   and RODYN M. PEREZ RAMIREZ** (hereinafter referred to as "Plaintiffs"), by their
   attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as
   to themselves and upon information and belief as to other matters, as follows:

   ## PRELIMINARY STATEMENT

2. Plaintiffs, **VICTOR JEFFREY PEGUERO-SOSA, LARIS A. PEREZ-CASTILLO
   and RODYN M. PEREZ RAMIREZ**, through undersigned counsel, bring this action
   against **LA CREMAILLERE RESTAURANT CORP., and ROBERT MEYZEN
   a/k/a ROBERT MAZEN, an individual,** (hereinafter referred to as "Defendants"), to
   recover damages for egregious violations of federal and state minimum wage,
   overtime, and spread of hours laws arising out of Plaintiffs' employment by
   Defendants at La Cremaillere located at 46 Bedford-Banksville Road, Bedford, New
   York 10506.

3. Plaintiff **VICTOR JEFFREY PEGUERO-SOSA** was employed by Defendants La
   Cremaillere located at 46 Bedford-Banksville Road, Bedford, New York 10506 as a

busboy and performing other miscellaneous duties from in or around September 3, 2011 until on or about January 30, 2014.

4. Plaintiff **LARIS A. PEREZ-CASTILLO** was employed by Defendants at La Cremaillere located at 46 Bedford-Banksville Road, Bedford, New York 10506 as a busboy and performing other miscellaneous duties from in or around November 2013 until in or around April 30, 2014.

5. Plaintiff **RODYN M. PEREZ RAMIREZ** was employed by Defendants at La Cremaillere located at 46 Bedford-Banksville Road, Bedford, New York 10506 as a busboy and performing other miscellaneous duties from in or around 2011 until in or around 2012.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

7. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

8. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

10. Plaintiff VICTOR JEFFREY PEGUERO-SOSA residing at 145 Candlewood Drive, South Windsor, CT 06074, was employed by Defendants from in or around September 3, 2011 until on or about January 30, 2014.

11. Plaintiff LARIS A. PEREZ-CASTILLO residing at 275 9 Alabama Avenue, 2nd Floor, Paterson, NJ 07503, was employed by Defendants in or around November 2013 until in or around April 30, 2014.

12. Plaintiff RODYN M. PEREZ RAMIREZ residing at 2229 Creston Avenue #13, Bronx, NY 10453, was employed by Defendants from in or around 2011 until in or around 2012.

13. Upon information and belief, Defendant, LA CREMAILLERE RESTAURANT CORP., is a corporation organized under the laws of New York with a principal executive office at 46 Bedford-Banksville Road, Bedford, New York 10506.

14. Upon information and belief, Defendant, LA CREMAILLERE RESTAURANT CORP., is a corporation authorized to do business under the laws of New York.

15. Upon information and belief, Defendant ROBERT MEYZEN a/k/a ROBERT MAZEN owns and/or operates LA CREMAILLERE RESTAURANT CORP.

16. Upon information and belief, Defendant ROBERT MEYZEN a/k/a ROBERT MAZEN manages LA CREMAILLERE RESTAURANT CORP.

17. Upon information and belief, Defendant ROBERT MEYZEN a/k/a ROBERT MAZEN is the Chairman of the Board of LA CREMAILLERE RESTAURANT CORP.

18. Upon information and belief, Defendant ROBERT MEYZEN a/k/a ROBERT MAZEN is the Chief Executive Officer of LA CREMAILLERE RESTAURANT CORP.

19. Upon information and belief, Defendant ROBERT MEYZEN a/k/a ROBERT MAZEN is an agent of LA CREMAILLERE RESTAURANT CORP.

20. Upon information and belief, Defendant ROBERT MEYZEN a/k/a ROBERT MAZEN has power over personnel decisions at LA CREMAILLERE RESTAURANT CORP.

21. Upon information and belief, Defendant ROBERT MEYZEN a/k/a ROBERT MAZEN has power over payroll decisions at LA CREMAILLERE RESTAURANT CORP.

22. Defendant ROBERT MEYZEN a/k/a ROBERT MAZEN has the power to hire and fire employees at LA CREMAILLERE RESTAURANT CORP., establish and pay their wages, set their work schedule, and maintains their employment records.

23. During all relevant times herein, Defendant ROBERT MEYZEN a/k/a ROBERT MAZEN was Plaintiffs' employer within the meaning of the FLSA and NYLL.

24. On information and belief, LA CREMAILLERE RESTAURANT CORP. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for

3

commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500.000.00.

## STATEMENT OF FACTS

25. Plaintiff **VICTOR JEFFREY PEGUERO-SOSA** was employed by Defendants from in or around September 3, 2011 until on or about January 30, 2014.

26. Plaintiff **VICTOR JEFFREY PEGUERO-SOSA** was employed by Defendants La Cremaillere located at 46 Bedford-Banksville Road, Bedford, New York 10506 as a busboy and performing other miscellaneous duties from in or around September 3, 2011 until on or about January 30, 2014.

27. Plaintiff **VICTOR JEFFREY PEGUERO-SOSA** worked approximately 72 (seventy-two) hours or more per week from in or around September 3, 2011 until on or about December 31, 2013.

28. Plaintiff **VICTOR JEFFREY PEGUERO-SOSA** worked approximately 48 (forty-eight) hours or more per week from in or around January 1, 2014 until in or around January 30, 2014.

29. Plaintiff **VICTOR JEFFREY PEGUERO-SOSA** was paid by Defendants approximately $5.55 per hour.

30. Therefore, Defendants failed to pay Plaintiff **VICTOR JEFFREY PEGUERO-SOSA** the legally prescribed minimum wage for his hours worked from in or around September 3, 2011 until on or about January 30, 2014, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL

31. Although Plaintiff **VICTOR JEFFREY PEGUERO-SOSA** worked approximately 72 (seventy-two) hours or more per week during the period of his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

32. Furthermore, Plaintiff **VICTOR JEFFREY PEGUERO-SOSA** worked approximately twelve (12) or more hours per day, six (6) days a week from in or around September 3, 2011 until on or about December 31, 2013, and approximately twelve (12) or more hours per day, five (5) days a week from in or around January 1,

2014 until in or around January 30, 2014, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

33. Additionally, although Plaintiff **VICTOR JEFFREY PEGUERO-SOSA** worked approximately 72 (seventy-two) hours or more per week from in or around September 3, 2011 until on or about December 31, 2013, he was only paid for approximately 60 (sixty) hours from in or around September 3, 2011 until in or around December 31, 2012.  He was only paid for approximately 48 (forty-eight) hours from in or around January 1, 2013 until in or around December 31, 2013.

34. Therefore, Plaintiff **VICTOR JEFFREY PEGUERO-SOSA** is owed unpaid wages from in or around September 3, 2011 until in or around December 31, 2013.

35. Plaintiff **LARIS A. PEREZ-CASTILLO** was employed by Defendants in or around November 2013 until in or around April 30, 2014.

36. Plaintiff **LARIS A. PEREZ-CASTILLO** was employed by Defendants La Cremaillere located at 46 Bedford-Banksville Road, Bedford, New York 10506 as a busboy and performing other miscellaneous duties from in or around November 2013 until in or around April 30, 2014.

37. Plaintiff **LARIS A. PEREZ-CASTILLO** worked approximately 54 (fifty-four) hours or more per week from in or around November 2013 until in or around April 30, 2014.

38. Plaintiff **LARIS A. PEREZ-CASTILLO** was paid by Defendants approximately $5.55 per hour.

39. Therefore, Defendants failed to pay Plaintiff **LARIS A. PEREZ-CASTILLO** the legally prescribed minimum wage for his hours worked from in or around November 2013 until in or around April 30, 2014, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

40. Although Plaintiff **LARIS A. PEREZ-CASTILLO** worked approximately 54 (fifty-four) hours or more per week during the period of his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

41. Furthermore, Plaintiff **LARIS A. PEREZ-CASTILLO** worked approximately twelve (12) or more hours per day, an average of four and a half (4.5) days a week from in or around November 2013 until in or around April 30, 2014, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

42. Additionally, although Plaintiff **LARIS A. PERÉZ-CASTILLO** worked approximately 72 (seventy-two) hours or more per week from in or around November 2013 until in or around April 30, 2014, he was only paid for approximately 32 (thirty-two) hours from in or around November 2013 until in or around April 30, 2014.

43. Therefore, Plaintiff **LARIS A. PEREZ-CASTILLO** is owed unpaid wages from in or around November 2013 until in or around April 30, 2014.

44. Plaintiff **RODYN M. PEREZ RAMIREZ** was employed by Defendants from in or around 2011 until in or around 2012.

45. Plaintiff **RODYN M. PEREZ RAMIREZ** was employed by Defendants La Cremaillere located at 46 Bedford-Banksville Road, Bedford, New York 10506 as a busboy and performing other miscellaneous duties from in or around 2011 until in or around 2012.

46. Plaintiff **RODYN M. PEREZ RAMIREZ** worked approximately 66 (sixty-six) hours or more per week from in or around 2011 until in or around 2012.

47. Plaintiff **RODYN M. PEREZ RAMIREZ** was paid by Defendants approximately $5.50 per hour.

48. Therefore, Defendants failed to pay Plaintiff **RODYN M. PEREZ RAMIREZ** the legally prescribed minimum wage for his hours worked from in or around 2011 until in or around 2012, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL

49. Although Plaintiff **RODYN M. PEREZ RAMIREZ** worked approximately 66 (sixty-six) hours or more per week during the period of his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

50. Furthermore, Plaintiff **RODYN M. PEREZ RAMIREZ** worked approximately twelve (12) or more hours per day, an average of five and a half (5.5) days a week from in or around 2011 until in or around 2012, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

51. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

52. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

53. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

54. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

55. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

56. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

57. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

58. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

59. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of Plaintiffs.

60. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

61. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

62. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

63. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

64. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to one-quarter of their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

65. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

66. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

8

67. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

68. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

69. Defendants willfully failed to pay Plaintiffs a minimum wage in accordance with 29 U.S.C. §§§201, 202 and 203.

70. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

71. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.

72. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION

### Minimum Wages Under New York Labor Law

73. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

74. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

75. At all times relevant to this action, Defendants were employers within the meaning of NYLL.

76. Defendants failed to record, credit or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

77. Defendants also failed to pay Plaintiffs the required minimum wage, which Plaintiffs were entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

78. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an amount equal to twenty-five percent (25%) of their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION

### Spread of Hours Compensation Under New York Labor Law

79. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

80. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations.  N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

81. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## SIXTH CAUSE OF ACTION

### Unpaid Wages Under The Fair Labor Standards Act

82. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

83. Defendants willfully failed to pay Plaintiffs their wages for all hours they worked.

84. Defendants willfully failed to pay Plaintiff **VICTOR JEFFREY PEGUERO-SOSA** wages for hours worked above 60 (sixty) hours per week from in or around September 3, 2011 until on or about December 31, 2013.  Defendants also willfully failed to pay him wages for hours worked above 48 (forty-eight) hours per week from in or around January 1, 2013 until in or around December 31, 2013.

85. Defendants willfully failed to pay Plaintiff **LARIS A. PEREZ-CASTILLO** wages for hours worked above approximately 32 hours a week during his employment by Defendants.

10

86. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of Plaintiffs.

87. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SEVENTH CAUSE OF ACTION

### Unpaid Wages Under New York Labor Law

88. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

89. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

90. Defendants willfully failed to pay Plaintiffs their wages for all hours they worked.

91. Defendants willfully failed to pay Plaintiff **VICTOR JEFFREY PEGUERO-SOSA** wages for hours worked above 60 (sixty) hours per week from in or around September 3, 2011 until on or about December 31, 2013.  Defendants also willfully failed to pay him wages for hours worked above 48 (forty-eight) hours per week from in or around January 1, 2013 until in or around December 31, 2013.

92. Defendants willfully failed to pay Plaintiff **LARIS A. PEREZ-CASTILLO** wages for hours worked above approximately 32 hours a week during his employment by Defendants.

93. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an amount equal to one-quarter of their unpaid wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## EIGHTH CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

94. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

95. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

96. Defendants are liable to each Plaintiff in the amount of $2,500.00 together with costs and attorneys' fees.

## NINTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

97. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

98. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

99. Defendants are liable to each Plaintiff in the amount of $2,500.00 together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs unpaid overtime wages;

c. Awarding Plaintiffs unpaid minimum wages;

d. Awarding Plaintiffs spread of hours;

e. Awarding Plaintiffs unpaid wages;

f. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

g. Awarding Plaintiffs prejudgment and post-judgment interest;

h. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

i. Awarding such and further relief as this court deems necessary and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This _16_ day of March of 2015.

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598