**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

VICTOR JEFFREY PEGUERO-SOSA, LARIS A. PEREZ-CASTILLO, and RODYN M. PEREZ-RAMIREZ,

        Plaintiffs,

        -against-

LA CREMAILLERE RESTAURANT CORP., and ROBERT MEYZEN a/k/a ROBERT MAZEN, an individual,

        Defendants.

Case No.: **15-CV-2125 (CS)**

**ANSWER**

Defendants La Cremaillere Restaurant Corp. d/b/a La Cremaillere ("La Cremaillere") and Robert Meyzen a/k/a Robert Mazen (sic) an individual (collectively referred to herein as "Defendants"), by their undersigned counsel, Greenwald Doherty, LLP, state the following as their Answer to the Complaint of Plaintiffs Victor Jeffrey Peguero-Sosa ("Peguero"), Laris A. Perez-Castillo ("Perez-Castillo"), and Rodyn M. Perez-Ramirez ("Perez-Ramirez) (collectively referred to herein as "Plaintiffs"):

1.      Paragraph 1 of Plaintiffs' Complaint contains no allegations but is a statement of the Plaintiffs' and their counsels' identities, to which no response is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 1 of Plaintiffs' Complaint.

## PRELIMINARY STATEMENT

2.      Paragraph 2 of Plaintiffs' Complaint is a statement of Plaintiffs' legal claims to which no response is required.  To the extent this paragraph contains any factual allegations,

Defendants deny the allegations in Paragraph 2 of Plaintiffs' Complaint, but admit that La Cremaillere is located at 46 Bedford-Banksville Road, Bedford, New York 10506.

3.     Defendants admit that Plaintiff Peguero was employed by La Cremaillere, but deny the remaining allegations in Paragraph 3 of Plaintiffs' Complaint.

4.     Defendants admit that Plaintiff Perez-Castillo was employed by La Cremaillere, but deny the remaining allegations in Paragraph 4 of Plaintiffs' Complaint.

5.     Defendants admit that Plaintiff Perez-Ramirez was employed by Defendant La Cremaillere, but deny the remaining allegations as stated in Paragraph 5 of Plaintiffs' Complaint.

## JURISDICTION AND VENUE

6.     Defendants admit that this Court has subject matter jurisdiction over Plaintiffs' Federal claims as alleged in Paragraph 6 of Plaintiffs' Complaint.

7.     Defendants admit that this Court has discretion to exercise supplemental jurisdiction over Plaintiffs' state law claims as alleged in Paragraph 7 of Plaintiffs' Complaint.

8.     Defendants admit that venue is proper in this District, but deny the remaining allegations in Paragraph 8 of Plaintiffs' Complaint.

9.     Defendants admit that this Court is empowered to issue a declaratory judgment as alleged in Paragraph 9 of Plaintiffs' Complaint.

## PARTIES

10.     Defendants admit that Defendant La Cremaillere employed Plaintiff Peguero. Defendants deny knowledge or information sufficient to form a belief as to where Plaintiff Peguero resides, and deny the remaining allegations in Paragraph 10 of Plaintiffs' Complaint.

11.     Defendants admit that Defendant La Cremaillere employed Plaintiff Perez-Castillo. Defendants deny knowledge or information sufficient to form a belief as to where Plaintiff Perez-Castillo resides, and deny the remaining allegations in Paragraph 11 of Plaintiffs' Complaint.

12.     Defendants admit that Defendant La Cremaillere employed Plaintiff Perez-Ramirez.  Defendants deny knowledge or information sufficient to form a belief as to where Plaintiff Perez-Ramirez resides, and deny the remaining allegations in Paragraph 12 of Plaintiffs' Complaint.

13.     Defendants admit the allegations in Paragraph 13 of Plaintiffs' Complaint.

14.     Defendants admit the allegations in Paragraph 14 of Plaintiffs' Complaint.

15.     Defendants admit that Defendant Robert Meyzen a/k/a Robert Mazen (sic) owns La Cremaillere Restaurant Corp., but deny any remaining allegations in Paragraph 15 of Plaintiffs' Complaint.

16.     Defendants admit the allegations in Paragraph 16 of Plaintiffs' Complaint.

17.     Defendants deny the allegations in Paragraph 17 of Plaintiffs' Complaint.

18.     Defendants deny the allegations in Paragraph 18 of Plaintiffs' Complaint.

19.     Defendants admit the allegations in Paragraph 19 of Plaintiffs' Complaint.

20.     Defendants admit the allegations in Paragraph 20 of Plaintiffs' Complaint.

21.     Defendants admit the allegations in Paragraph 21 of Plaintiffs' Complaint.

22.     Defendants admit the allegations as stated in Paragraph 22 of Plaintiffs' Complaint.

23.     Paragraph 23 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 23 of Plaintiffs' Complaint.

24.     Paragraph 24 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.  Defendants admit that La Cremaillere has had an annual gross volume of sales of not less than $500,000.00.  To the extent this paragraph contains any other factual allegations, Defendants deny the remaining allegations in Paragraph 24 of Plaintiffs' Complaint.

## STATEMENT OF FACTS

25.     Defendants admit that Plaintiff Peguero was employed by Defendant La Cremaillere, but deny the remaining allegations in Paragraph 25 of Plaintiffs' Complaint.

26.     Defendants admit that Plaintiff Peguero was employed by La Cremaillere as a busboy and performed other miscellaneous duties, but deny the remaining allegations in Paragraph 26 of Plaintiffs' Complaint.

27.     Defendants deny the allegations as stated in Paragraph 27 of Plaintiffs' Complaint.

28.     Defendants deny the allegations as stated in Paragraph 28 of Plaintiffs' Complaint.

29.     Defendants deny the allegations as stated in Paragraph 29 of Plaintiffs' Complaint.

30.     Paragraph 30 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 30 of Plaintiffs' Complaint.

31.     Paragraph 31 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 31 of Plaintiffs' Complaint.

32.     Paragraph 32 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 32 of Plaintiffs' Complaint.

33.     Defendants deny the allegations in Paragraph 33 of Plaintiffs' Complaint.

34.     Defendants deny the allegations as stated in Paragraph 34 of Plaintiffs' Complaint.

35.     Defendants admit that Plaintiff Perez-Castillo was employed by Defendant La Cremaillere, but deny the remaining allegations in Paragraph 35 of Plaintiffs' Complaint.

36.     Defendants admit that Plaintiff Perez-Castillo was employed by La Cremaillere, but deny the remaining allegations in Paragraph 36 of Plaintiffs' Complaint.

37.     Defendants deny the allegations as stated in Paragraph 37 of Plaintiffs' Complaint.

38.     Defendants deny the allegations as stated in Paragraph 38 of Plaintiffs' Complaint.

39.     Paragraph 39 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 39 of Plaintiffs' Complaint.

40.     Paragraph 40 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 40 of Plaintiffs' Complaint.

41.     Paragraph 41 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 41 of Plaintiffs' Complaint.

42.     Defendants deny the allegations in Paragraph 42 of Plaintiffs' Complaint.

43.     Defendants deny the allegations as stated in Paragraph 43 of Plaintiffs' Complaint.

44. Defendants admit the allegations in Paragraph 44 of Plaintiffs' Complaint.

45. Defendants admit that Plaintiff Perez-Ramirez was employed by Defendant La Cremaillere from in or around 2011 until in or around 2012, but deny the remaining allegations as stated in Paragraph 45 of Plaintiffs' Complaint.

46. Defendants deny the allegations as stated in Paragraph 46 of Plaintiffs' Complaint.

47. Defendants deny the allegations as stated in Paragraph 47 of Plaintiffs' Complaint.

48. Paragraph 48 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required. To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 48 of Plaintiffs' Complaint.

49. Paragraph 49 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required. To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 49 of Plaintiffs' Complaint.

50. Paragraph 50 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required. To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 50 of Plaintiffs' Complaint.

51. Paragraph 51 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required. To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 51 of Plaintiffs' Complaint.

52. Paragraph 52 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required. To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 52 of Plaintiffs' Complaint.

53.     Paragraph 53 of Plaintiffs' Complaint is a statement of Plaintiffs' legal claims to which no response is required.   To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 53 of Plaintiffs' Complaint.

## FIRST CAUSE OF ACTION

### Overtime Wages Under the Fair Labor Standards Act

54.     Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 53 of Plaintiffs' Complaint.

55.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of Plaintiffs' Complaint.

56.     Paragraph 56 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.   To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 56 of Plaintiffs' Complaint.

57.     Paragraph 57 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.   To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 57 of Plaintiffs' Complaint.

58.     Paragraph 58 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.   To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 58 of Plaintiffs' Complaint.

59.     Paragraph 59 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.   To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 59 of Plaintiffs' Complaint.

60.     Paragraph 60 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 60 of Plaintiffs' Complaint.

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

61.     Defendants repeat and incorporate by reference their responses to paragraphs 1 through 60 of Plaintiffs' Complaint.

62.     Defendants admit that La Cremaillere employed Plaintiffs.  The remainder of Paragraph 62 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required, but to the extent the remainder of this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 62 of Plaintiffs' Complaint.

63.     Paragraph 63 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations as stated in Paragraph 63 of Plaintiffs' Complaint.

64.     Paragraph 64 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 64 of Plaintiffs' Complaint.

## THIRD CAUSE OF ACTION

### Minimum Wages Under The Fair Labor Standards Act

65.     Defendants repeat and incorporate by reference their responses to paragraphs 1 through 64 of Plaintiffs' Complaint.

66.     Defendants admit that Plaintiffs consented in writing to be a party to this action.

67.     Paragraph 67 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations as stated in Paragraph 67 of Plaintiffs' Complaint.

68.     Paragraph 68 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations as stated in Paragraph 68 of Plaintiffs' Complaint.

69.     Paragraph 69 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations as stated in Paragraph 69 of Plaintiffs' Complaint.

70.     Paragraph 70 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations as stated in Paragraph 70 of Plaintiffs' Complaint.

71.     Defendants deny the allegations as stated in Paragraph 71 of Plaintiffs' Complaint.

72.     Paragraph 72 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations as stated in Paragraph 72 of Plaintiffs' Complaint.

## FOURTH CAUSE OF ACTION

### Minimum Wages Under New York Labor Law

73.     Defendants repeat and incorporate by reference their responses to paragraphs 1 through 72 of Plaintiffs' Complaint.

74.     Defendants admit that Defendant La Cremaillere employed Plaintiffs.  The remainder of Paragraph 74 of Plaintiffs' Complaint states a conclusion of law to which no

responsive pleading is required, but to the extent the remainder of this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 74 of Plaintiffs' Complaint.

75.     Paragraph 75 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 75 of Plaintiffs' Complaint.

76.     Paragraph 76 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations as stated in Paragraph 76 of Plaintiffs' Complaint.

77.     Paragraph 77 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations as stated in Paragraph 77 of Plaintiffs' Complaint.

78.     Paragraph 78 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 78 of Plaintiffs' Complaint.

## FIFTH CAUSE OF ACTION

### Spread of Hours Compensation Under New York Labor Law

79.     Defendants repeat and incorporate by reference their responses to paragraphs 1 through 78 of Plaintiffs' Complaint.

80.     Paragraph 80 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 80 of Plaintiffs' Complaint.

81.   Paragraph 81 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations as stated in Paragraph 81 of Plaintiffs' Complaint.

## SIXTH CAUSE OF ACTION

### Unpaid Wages Under the Fair Labor Standards Act

82.   Defendants repeat and incorporate by reference their responses to paragraphs 1 through 81 of Plaintiffs' Complaint.

83.   Paragraph 83 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 83 of Plaintiffs' Complaint.

84.   Paragraph 84 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations as stated in Paragraph 84 of Plaintiffs' Complaint.

85.   Paragraph 85 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations as stated in Paragraph 85 of Plaintiffs' Complaint.

86.   Paragraph 86 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations as stated in Paragraph 86 of Plaintiffs' Complaint.

87.   Paragraph 87 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.  To the extent this paragraph contains any factual allegations, Defendants deny the allegations as stated in Paragraph 87 of Plaintiffs' Complaint.

## SEVENTH CAUSE OF ACTION

### Unpaid Wages Under New York Labor Law

88.     Defendants repeat and incorporate by reference their responses to paragraphs 1 through 87 of Plaintiffs' Complaint.

89.     Defendants admit that Defendant La Cremaillere employed Plaintiffs.   The remainder of Paragraph 89 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required, but to the extent the remainder of this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 89 of Plaintiffs' Complaint.

90.     Paragraph 90 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.   To the extent this paragraph contains any factual allegations, Defendants deny the allegations in Paragraph 90 of Plaintiffs' Complaint.

91.     Paragraph 91 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.   To the extent this paragraph contains any factual allegations, Defendants deny the allegations as stated in Paragraph 91 of Plaintiffs' Complaint.

92.     Paragraph 92 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.   To the extent this paragraph contains any factual allegations, Defendants deny the allegations as stated in Paragraph 92 of Plaintiffs' Complaint.

93.     Paragraph 93 of Plaintiffs' Complaint states a conclusion of law to which no responsive pleading is required.   To the extent this paragraph contains any factual allegations, Defendants deny the allegations as stated in Paragraph 93 of Plaintiffs' Complaint.

### EIGHTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

94.     Defendants repeat and incorporate by reference their responses to paragraphs 1 through 93 of Plaintiffs' Complaint.

95.     Defendants deny the allegations as stated in Paragraph 95 of Plaintiffs' Complaint.

96.     Defendants deny the allegations as stated in Paragraph 96 of Plaintiffs' Complaint.

### NINTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

97.     Defendants repeat and incorporate by reference their responses to paragraphs 1 through 96 of Plaintiffs' Complaint.

98.     Defendants deny the allegations as stated in Paragraph 98 of Plaintiffs' Complaint.

99.     Defendants deny the allegations in Paragraph 99 of Plaintiffs' Complaint.

### PRAYER FOR RELIEF

The Defendants deny any allegations not specifically admitted herein, including but not limited to those allegations set forth in Plaintiffs' prayer for relief.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' Complaint fails to state a claim against Defendants, in whole or in part, upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or equitable tolling is not appropriately applied, in whole or in part, to Plaintiffs' claims.

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Defendants acted in good faith and did not violate any rights that may be secured to Plaintiffs under any federal, state, or local laws, rules or regulations.

### Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not entitled, in whole or in part, to the damages sought in their Complaint.

### Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have been fully compensated for any wages due and owing from Defendants.

### Sixth Affirmative Defense

Defendants at no time willfully violated any of the laws pursuant to which Plaintiffs brought the instant action, therefore barring any claims for attorneys' fees or liquidated damages under Federal and state wage and hour laws.

### Seventh Affirmative Defense

Plaintiffs' claims for compensation, in whole or in part, are for non-working time.

### Eighth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands, estoppel, waiver and/or laches.

### Ninth Affirmative Defense

Some or all of the Defendants were not employers pursuant to the state and federal laws upon which the Plaintiffs base their claims, and, thus, cannot be held liable.

### Tenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of *res judicata* and/or *collateral estoppel*.

### Eleventh Affirmative Defense

There is a statutory bar to one or more of Plaintiffs' claims.

### Twelfth Affirmative Defense

Plaintiff seeks, in whole or in part, double recovery through the claims stated in his complaint.

### Thirteenth Affirmative Defense

Plaintiffs' claims, in whole or in part, have been previously released, waived, discharged and/or abandoned.

### Fourteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to exhaust their administrative remedies, administrative perquisites or other procedural conditions precedent to the commencement of an action.

### Fifteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because some or all of Plaintiffs' claims are pending in another forum.

### Sixteenth Affirmative Defense

The alleged failure to pay overtime wages to Plaintiffs was, in whole or in part, in good faith conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the Wage and Hour Division of the United States Department of Labor.

### Seventeenth Affirmative Defense

Plaintiffs' claims for damages, in whole or in part, are barred because Plaintiffs have failed to mitigate their damages.

### Eighteenth Affirmative Defense

Plaintiffs' claims are barred to the extent Plaintiffs released the claims and damages sought and/or acknowledged an accord and satisfaction and/or release of any claim asserted in the Complaint and/or by the doctrine of setoff.

### Nineteenth Affirmative Defense

The Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

### Twentieth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by Section 217 of the Fair Labor Standards Act.

### Twenty First Affirmative Defense

Should Plaintiffs file claims for bankruptcy and fail to list a wage claim against Defendants as a potential asset in bankruptcy filings, Plaintiffs are barred from pursuing their wage claims for lack of standing, or under the doctrines of judicial estoppel.

### Twenty Second Affirmative Defense

Any damages suffered were the result of Plaintiffs' failure to comply with the reasonable expectations of Defendants and/or follow Defendants' reasonable instructions and/or policies

### Twenty Third Affirmative Defense

Some or all of the hours worked by Plaintiffs and claimed as unpaid were *de minimis* and do not qualify as compensable hours worked under applicable laws.

### Twenty Fourth Affirmative Defense

Plaintiffs' claims for failure to provide accurate itemized wage notices and wage statements fail to the extent there were no underlying violations of the New York Labor Laws.

### Twenty Fifth Affirmative Defense

To the extent Plaintiffs are entitled to any additional compensation, which Defendants deny, such additional compensation must be offset by the amount of any compensation and/or other monies Plaintiffs received from Defendants in excess of the compensation to which they were legally entitled for the work performed, including but not limited to hours paid for time in which no work was performed, and/or any monies recovered by or previously paid to Plaintiffs for the same or similar claims.

### Twenty Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because no act or omission of Defendants which is alleged to violate the applicable laws was willful, knowing, or in reckless disregard for the provisions of the law, and Plaintiffs therefore are not entitled to any extension of the two-year non-willful statute of limitations period.

### Twenty Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by an exemption from overtime or minimum wage requirements under applicable laws.

### Twenty Eighth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by an exemption entitling Defendants to a tip credit for all hours worked by Plaintiffs.

### DEFENDANTS' PRAYER FOR RELIEF

The Defendants respectfully requests the following relief:

A.    Dismissal of all of Plaintiffs' claims and entry of judgment in favor of Defendants;

B.    An award of the costs of defending this action, including reasonable attorneys' fees; and

C.    All other legal and equitable relief that this Court deems just and proper.

Date:   May 26, 2015
        Orangeburg, NY 10962

                              _____/s/ Kevin M. Doherty_____
                              Greenwald Doherty LLP
                              Kevin M. Doherty, Esq.
                              Ilan Weiser, Esq.
                              KD@GreenwaldLLP.com
                              IW@GreenwaldLLP.com
                              30 Ramland Road, Suite 201
                              Orangeburg, New York 10962
                              Telephone: (845) 589-9300
                              Facsimile: (845) 638-2707
                              *Attorneys for Defendants*

19