## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (hereinafter "this Agreement") is made by and between LA CREMAILLERE RESTAURANT CORP. d/b/a La Cremaillere Restaurant ("La Cremaillere") and ROBERT MEYZEN (collectively referred to and as further defined in Paragraph 1(a), below, as "Defendants"), on the one hand, and Victor Jeffrey Peguero-Sosa, Laris A. Perez-Castillo and Rodyn M. Perez Ramirez (collectively referred to as "Plaintiffs"), on the other hand (together, "the Parties");

WHEREAS, Plaintiffs Peguero-Sosa, Perez-Castillo, and Perez Ramirez have alleged certain claims against Defendants by filing a Complaint on March 20, 2015, in the United States District Court for the Southern District of New York in the action entitled, <u>Victor Jeffrey Peguero-Sosa, Laris A. Perez-Castillo and Rodyn M. Perez Ramirez, v. La Cremaillere Restaurant Corp., and Robert Meyzen a/k/a Robert Mazen, an individual,</u> Index No. 15-CV-2125 (CS)(JCM) (the "Action"), including, <u>inter alia</u>, claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL");

WHEREAS, Defendants deny all such claims in all respects; and

WHEREAS, the Parties desire to resolve and settle the Action as well as any and all claims relating to Plaintiffs' relationship with Defendants in an amicable manner without the expense of further litigation;

NOW, THEREFORE, the Parties agree as follows:

1.  <u>Definitions:</u>   For purposes of this Agreement, the following definitions shall apply:

      a)   The term "Defendants" is defined to include La Cremaillere Restaurant Corp, its franchises, subsidiaries, parents, related or affiliated entities, current and former

owners, directors, agents, employees, representatives, and respective successors, heirs, and assigns, and Robert Meyzen, and his respective successors, heirs, and assigns.

b) The term "Victor Jeffrey Peguero-Sosa" is defined as Victor Jeffrey Peguero-Sosa, a Plaintiff in the Action; the term "Laris A. Perez-Castillo" is defined as Laris A. Perez-Castillo, a Plaintiff in the Action; and the term "Rodyn M. Perez Ramirez" is defined as Rodyn M. Perez Ramirez, a Plaintiff the Action (collectively, "Plaintiffs").

c) The term "Parties" refers to Plaintiffs and Defendants, as defined in subsections (a) and (b) above.

d) The term "Plaintiffs' Claims" is defined as any and all actions, causes of action, suits, debts, sums of money, accounts, liabilities, bonds, bills, covenants, contracts, controversies, agreements, promises, damages, judgments, executions, obligations, taxes, costs and expenses, claims or demands whatsoever, in law or equity, which Plaintiffs might now have, own or hold, or at any time heretofore ever had, owned or held, or could, shall, or may hereafter have, own or hold, whatsoever, upon or by reason of any matter, cause or thing, act or omission, or circumstance whatsoever arising out of their employment by defendants, which include but are not limited to those claims concerning, contract, , administrative, tort, negligence, , statute or other legal or equitable theory of recovery at any time prior to the execution of this Agreement by Plaintiffs, including, any actions, causes of action, or claims under any contract or any federal, state or local decisional law, statutes, regulations or constitutions (including, without limitation, the constitutions of the United States and the States of New York), any claims for notice or pay in lieu of notice, or for wrongful or improper discharge or dismissal, or for discrimination, harassment, or retaliation on the basis of race, national origin, religion, sex, age or any other factor (including, without limitation, any claim pursuant to or arising under Title VII

2

of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, 42 U.S.C. § 1981, § 1983, or any of the Reconstruction-Era Civil Rights Acts, the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), the Employee Retirement Income and Security Act of 1974, as amended, ("ERISA") (except for claims for vested ERISA benefits), the Americans with Disabilities Act, as amended, the Rehabilitation Act of 1973 ("ADA"), the Portal to Portal Act of 1947, the National Labor Relations Act ("NLRA"), the Labor Management Relations Act, the Fair Labor Standards Act ("FLSA"), the Family and Medical Leave Act, as amended ("FMLA"), the New York Labor Law, the New York Administrative Laws, the New York Human Rights Law, the New York Executive Laws, the New York Wage Theft Prevention Act, and any other state, federal or local legislation concerning employment or employment discrimination or any other applicable employment standards or human rights legislation), whether in dismissal, failure to hire, or any other aspect of the employment relationship between Plaintiffs and Defendants, and any claims, asserted benefits or rights arising by or under contract or implied contract, any alleged oral or written contract or agreement for employment or services, any claims arising by or under promissory estoppel, detrimental reliance, or under any asserted covenant of good faith and fair dealing, and any claims for defamation, fraud, fraudulent inducement, intentional or negligent infliction of emotional harm or distress, negligence or malpractice, or any other tortious conduct, any willful tort, , and damages of any kind, whether general, compensatory or punitive in nature, or for suffering or humiliation, anguish or other personal harm, or for severance pay, salary, bonus, commission, relocation expenses, incentive or additional compensation, profit sharing, vacation pay, insurance, benefits, lost profits or business, interest, and/or attorneys' fees, costs, disbursements

3

and the like, granted they concern the employment relationship between Plaintiffs and Defendants.

e)    The Claims set forth above in Paragraphs (d) specifically include any and all claims that concerns the employment relationship between Plaintiffs and Defendants, for any act, omission, transaction or occurrence in this Agreement taken place up to and including the date of execution of this Agreement.   .  Any language to the contrary herein notwithstanding, nothing in this Agreement shall operate to bar or limit any claim of Plaintiffs for physical injury made pursuant to the Worker's Compensation Law.  This Agreement is not intended to waive claims for Unemployment Insurance benefits, Workers' Compensation benefits (however, as of the execution of this Agreement, Plaintiffs attest that they are not aware of any injury or illness pertaining to their employment at La Cremaillere), claims that arise after the date Plaintiffs execute this Agreement and/or claims for breach of this Agreement.

f)    It is understood by the Parties that the facts pursuant to which this Agreement is made may ultimately prove to be other than or different from the facts now known by them to be true.  The Parties expressly accept and assume the risks of the facts proving to be different, and agrees that all of the terms of this Agreement shall be in all respects effective and not subject to termination or rescission on account of any such difference in facts or for any other reason.

g).    Plaintiffs warrant and represent that no promise or inducement has been offered or made for this Agreement, except as otherwise specifically set forth in this Agreement. Plaintiffs acknowledge that this Agreement is executed without reliance on any statements or any representations, express or implied, not contained in the Agreement, and without express, implied or presumed reliance on any duty such as, but not limited to, a fiduciary duty to speak or

4

inform another concerning any fact or circumstance, and that they have executed this Agreement freely, without coercion or duress, and with the advice of their legal counsel, and that this Agreement reflects the entire understanding among the Parties. The warranties and representations made in this Agreement shall survive the execution and delivery of this Agreement, and shall be binding upon and inure to the benefit of and be enforceable by the Parties, their respective heirs, representatives, successors and assigns.

2.  <u>Settlement of Claims:</u>  In consideration for the promises and covenants set forth in this Agreement, Defendants shall pay or cause to be paid to Plaintiffs the gross sum of Thirty Thousand and 00/100 Dollars ($30,000.00), inclusive of all attorneys' fees and costs (the "settlement sum"), in two (2) separate and equal installments (hereinafter individually referred to as "installment payment"), as follows:

a)  Within ten (10) business days of the Court's approval of this Agreement, or July 30, 2016, whichever is sooner, Defendants shall send Plaintiffs' counsel, Helen F. Dalton & Associates, 69-12 Austin Street, Forest Hills, NY 11375 ("Plaintiffs' counsel"), installment payment one (1), in the form of checks, as follows:

i)  one (1) check payable to "Victor Jeffrey Peguero-Sosa" in the amount of $2,189.63, less applicable withholding, representing wages;

ii)  one (1) check payable to "Victor Jeffrey Peguero-Sosa" in the amount of $2,189.62, representing liquidated damages;

iii) one (1) check payable to "Laris A. Perez-Castillo" in the amount of $1,216.46, less applicable withholding, representing wages;

iv)  one (1) check payable to "Laris A. Perez-Castillo" in the amount of $1,216.46, representing liquidated damages;

5

    v) one (1) check payable to "Rodyn M. Perez Ramirez" in the amount of $1,459.75, less applicable withholding, representing wages;

    vi) one (1) check payable to "Rodyn M. Perez Ramirez" in the amount of $1,459.75, representing liquidated damages; and

    vii) one (1) check payable to "Helen F. Dalton & Associates, P.C." in the amount of $5,268.33, representing attorneys' fees and costs.

  b) Within thirty (30) calendar days after the payments referred to above in paragraph 2(a) are sent to Plaintiffs' counsel, or August 30, 2016, whichever is sooner, Defendants shall send Plaintiffs' counsel installment payment two (2), in the form of checks, as follows:

    i) one (1) check payable to "Victor Jeffrey Peguero-Sosa" in the amount of $2,189.63, less applicable withholding, representing wages;

    ii) one (1) check payable to "Victor Jeffrey Peguero-Sosa" in the amount of $2,189.62, representing liquidated damages;

    iii) one (1) check payable to "Laris A. Perez-Castillo" in the amount of $1,216.46, less applicable withholding, representing wages;

    iv) one (1) check payable to "Laris A. Perez-Castillo" in the amount of $1,216.46, representing liquidated damages;

    v) one (1) check payable to "Rodyn M. Perez Ramirez" in the amount of $1,459.75, less applicable withholding, representing wages;

    vi) one (1) check payable to "Rodyn M. Perez Ramirez" in the amount of $1,459.75, representing liquidated damages; and

vii)   one (1) check payable to "Helen F. Dalton & Associates, P.C." in the amount of $5,268.33, representing attorneys' fees and costs.

c).   Defendants shall issue an IRS form w-2 to Plaintiffs for all payments made by Defendants to Plaintiffs which represent wages.  Defendants shall issue an IRS form 1099 to Plaintiffs and/or Plaintiffs' counsel as required by applicable tax law and regulations for all payments made by Defendants to Plaintiffs and Plaintiffs' counsel which represent liquidated damages and/or attorneys' fees.  Defendants shall issue any IRS form w-2 and/or IRS form 1099 to Plaintiffs and/or Plaintiffs' counsel at the same time Defendants issue those forms to their current employees or other individuals/entities for the applicable tax year.

d)   Plaintiffs understand and assume the responsibility to pay any and all taxes or other payments found to be owed from payments made pursuant to this Agreement for liquidated damages and/or those payments which will be reflected on the IRS forms 1099 Defendants will issue to Plaintiffs.  Plaintiffs are obligated to submit to Defendants' counsel completed IRS forms w-4 and w-9, with their respective social security number or tax identification number, prior to receipt of payments due under this Agreement.  Should any of the Plaintiffs not submit their respective IRS forms w-4 and w-9 to Defendants' counsel prior to the execution of this Agreement, Defendants' counsel will be permitted to hold all payments due to the Plaintiff(s) who do not produce their respective IRS forms w-4 and w-9 in escrow until they are produced and/or take the required withholdings from all payments under this agreement.

e)   In the event that any of the installment payments described above are not received by Plaintiffs' counsel by the dates set forth above, Plaintiffs' counsel shall notify Defendants' counsel, Greenwald Doherty LLP, Attn: Ilan Weiser, Esq., via facsimile at (845) 638-2707 and E-Mail, 30 Ramland Road, Suite 201, Orangeburg, NY 10962,

iw@greenwaldllp.com, of said default.  In the event Defendants fail to cure said default within five (5) business days of receipt of said notice, Plaintiffs shall be permitted to enter judgment against Defendants for double the amount of any remaining balance due Plaintiffs under this Agreement, as set forth in the Affidavit(s) of Confession of Judgment, attached hereto as Exhibit 'B.' Said Affidavit(s) of Confession are only to be filed with the Court, in the event of Defendants' default, as set forth herein.  Plaintiffs' counsel shall hold the Affidavit(s) of Confession, in escrow, pending receipt of all of the payments referenced above.  In the event that all of the payments are made in accordance with the aforesaid paragraphs, Plaintiffs' counsel shall immediately return the original Affidavit(s) of Confession to Defendants' counsel.

f) In the event the Settlement Agreement is not approved by the Court prior to the dates set forth above in paragraphs 2(a) and 2(b), Defendants' Counsel will be permitted to hold the payments in escrow until the Settlement Agreement is approved the Court.  Once the Settlement Agreement is approved, Defendants' Counsel shall send Plaintiffs' Counsel those payments within three (3) calendar days.

3.   Confidentiality:  Although the fact and amount of settlement will be public, the Plaintiffs nevertheless shall keep this matter in the strictest confidence and shall not knowingly disclose or publicize information regarding the allegations asserted by Plaintiffs, the settlement process, this Agreement, its terms and provisions, nor the amount of the sum paid in settlement, to anyone except for their attorney, immediate family members, financial advisors, or as may be compelled to reveal by law or formal legal process, or required by law, rule or regulation. Plaintiffs shall instruct anyone to whom they are permitted to reveal the allegations asserted, this Agreement or its terms, to honor this confidentiality provision.  Upon inquiry regarding the matter, Plaintiffs and/or their representatives shall only state that it has been resolved.

4.      No Admission of Liability:  This Agreement does not constitute an admission by Defendants of any unlawful or tortious conduct or any violation of any contract or any federal, state or local decisional law, statute, regulation or constitution, nor does any statement made or action taken by or on behalf of Defendants constitute such an admission.  This Agreement is not evidence or proof of any wrongdoing or of an admission regarding any of Plaintiffs' allegations in this action, and it may not be used for or against any of the Parties hereto in any subsequent litigation, arbitration or other proceeding, except for the express and limited purpose of enforcing the terms of this Agreement.

5.      Releases:

a)      In consideration of the promises and covenants as set forth in this Agreement and as set forth in Paragraph 2 above, the Plaintiffs release and forever discharge the Defendants from any and all Claims as defined in Paragraph 1(d) of this Agreement.

b)      Defendants, on behalf of themselves, their parent corporations, subsidiaries, predecessors, successors, assigns, administrators, executors, officers, directors, shareholders, executors, current or former employees, representatives, insurers, related entities, attorneys, and any other agents, freely and unconditionally relinquish, waive, and release Plaintiffs, including their spouses, heirs, executors, administrators, assigns, representatives, attorneys, insurers, and other personal representatives or agents from any and all possible claims, complaints, liabilities, promises, obligations, demands, agreements, damages, debts, dues, sums of money, charges, and covenants, including but not limited to those related to or arising out of the Lawsuit and Plaintiffs' employment with Defendants, for any and all types of injunctive relief, damages, attorneys' fees, costs, interest, and other expenses or moneys.

9

c)      Within three (3) business days of the Court's approval of this Agreement, Plaintiffs shall cause to be executed the Stipulation of Dismissal with Prejudice, attached as Exhibit 'A' hereto, to conclude and dismiss the action, with prejudice.   In addition, Plaintiffs shall execute all such other documents as are reasonably necessary to terminate any other judicial, administrative or agency proceeding between the Parties, if any.

d)      Plaintiffs accept the payments and any other consideration identified in this Agreement in full satisfaction of their Claims against Defendants, and acknowledge that these payments and consideration provides full and adequate relief for their Claims, including any right to back pay, front pay, minimum wage or overtime wages, lost benefits, attorneys' fees, costs or disbursements, liquidated damages or any other or further amounts of damages they may have been entitled to pursuant to such Claims. Specifically, Plaintiffs acknowledge that they payments they are to receive from Defendants as defined in Paragraph 2, above, are in-full satisfaction of any payments for minimum wages, overtime, and/or liquidated damages attributable to the Plaintiffs in connection with United States Department of Labor Case I.D. No. 1723955.   The Plaintiffs agree that any further payments to them would constitute additional recovery of damages based on the payments they are receiving pursuant to this Agreement. Therefore, Plaintiffs are owed no further monies whatsoever in connection with their employment by Defendants, except for the payments required to be made under this Agreement, only.  Plaintiffs also agree to cooperate with the Defendants and/or the United States Department of Labor to ensure that there is no double payment to the Plaintiffs and that credit is issued by the Department of Labor for the amounts now to be paid directly to the Plaintiffs.

e)      Plaintiffs agree, to the extent permitted by law, that neither Plaintiffs nor anyone acting on their behalf will file any future charge or complaint nor institute any legal

10

action or proceedings at law or in equity related to the Claims released in this Agreement against

Defendants with any federal, state, or local agency.  In the event any charge or complaint is filed

or any action related to the Claims released in this Agreement is pursued by Plaintiffs or on

Plaintiffs' behalf by or before any federal, Plaintiffs agree, to the extent permitted by law, not to

assign any rights to bring such a charge or complaint to any person or entity.  Nothing in this

paragraph shall prohibit Plaintiffs from instituting an action to enforce the provisions of this

Agreement.   Unless compelled to testify by legal process, after written notice has been

provided as set forth in Paragraph 8, Plaintiffs agree not to assist any adverse party in a litigation

against Defendants, such as through providing testimony, appearing as a witness for, speaking to

counsel and/or investigators, or providing documents or other evidence to a party in any

proceeding, and further agree not to initiate or participate in any agency investigation of or

prosecution against Defendants, except to the extent compelled to do so by law, rule or

regulation.  Plaintiffs shall not induce any current or former employees of Defendants to initiate

a suit or claim against Defendants.  Plaintiffs shall not assist any other person in soliciting any

person or group to bring or file any claim, action, complaint, or proceeding against Defendants,

unless compelled to do so by an agency or court of competent jurisdiction.

        f)      Should Plaintiffs be subpoenaed or otherwise be required to appear in any

action or to provide any evidence in a proceeding against Defendants, they shall notify

Defendants, by providing a copy of the subpoena or other document served on them as set forth

in the notice provisions of Paragraph 8 herein.  Such notice must be sent within five (5) days of

receipt of such subpoena or other document, unless the subpoena or other document requires

compliance in less than five (5) days in which case Plaintiffs shall notify Defendants by

facsimile and/or e-mail within one (1) day of receipt.

6.    <u>Breach of this Agreement</u>:  If Plaintiffs should, after the execution of this Agreement, make, pursue, prosecute, or threaten to make any Claim or allegation, or pursue or commence or threaten to commence any Claim, action, complaint or proceeding against Defendants for or by reason of any cause existing up to the present time that is released by this Agreement, this Agreement may be raised as and shall constitute a complete bar to any such Claim, allegation, action, complaint or proceeding.  In the event that either party breaches any provision of this Agreement, the Parties agree that either may institute action against the other to specifically enforce any term or terms of the Agreement for which the prevailing party would be entitled to recover its reasonable costs incurred by virtue of defending or prosecuting the same, including reasonable attorneys' fees.  Nothing in this paragraph shall limit the Parties from enforcing their rights under the Agreement.

7.    <u>Notices</u>:  Notification of any event to Defendants required pursuant to this Agreement shall be deemed provided if sent in writing by email and/or by facsimile, as is required by this Agreement, addressed as follows: Ilan Weiser, Esq., Greenwald Doherty LLP, Facsimile:  (845) 638-2707, E-Mail: IW@greenwaldllp.com, or to Plaintiffs, addressed as follows: Puja Sharma, Helen F. Dalton & Associates, P.C., (718)263-9598, E-Mail: pujasharma517@gmail.com.

8.    <u>Entire Agreement</u>:  This Agreement embodies the entire agreement and understanding of the Parties regarding the matters discussed herein, and may not be modified, nor may any of its provisions be waived, except by an express written Agreement signed by the Parties hereto and evidencing an intent to modify this Agreement.  The failure of either party to this Agreement to insist in any one or more instances upon the strict performance of any of the

terms or provisions of this Agreement shall not be construed as a waiver or relinquishment for the future enforcement of any such term or provision.

9.    Jurisdiction:    The substantive laws of the State of New York shall govern the validity, construction, enforcement and interpretation of this Agreement and exclusive venue for any dispute between the parties shall be the United States District Court for the Southern District of New York.  The Dismissal provides that the District Court shall retain jurisdiction over the action for the purposes of enforcing the terms of this Agreement.

10.    Binding Effect/Severability:  Except as otherwise provided, this Agreement shall inure to the benefit of and shall be binding upon the Parties hereto, their personal representatives, successors, heirs, and assigns.  If any provision or part of a provision of the Agreement is found to be in violation of law or otherwise unenforceable in any respect, the remainder of the Agreement shall not be affected thereby and each remaining provision or part of the Agreement shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

11.    Captions/Delay:  The captions and headings in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of the Agreement. No failure or delay by Plaintiffs or Defendants in exercising any right, power, or privilege under the Agreement shall operate as an election nor a waiver of such right, power or privilege, nor shall any single or partial exercise of such right, power and privilege preclude any subsequent exercise in law, in equity or otherwise.

12.    Counterparts:  This Agreement may be executed in counterparts, each of which shall serve as an original as against any party who signed it, and both of which taken together

13

shall constitute one and the same document. A copy of a Party's signature on this Agreement shall be accepted in any action against that party to enforce this Agreement.

13. <u>Review and Consideration of Agreement; Rescission Rights; Effective Date</u>: Plaintiffs have been given a period of twenty-one (21) days from receipt of this Agreement to review and consider this Agreement before signing it (the "Consideration Period"). If Plaintiffs sign this Agreement prior to the conclusion of the twenty-one (21) day period, the balance of that period will be considered waived. Plaintiffs may also rescind this Agreement up to seven (7) days after Plaintiffs sign it ("Rescission Period") by submitting a written rescission notice to Defendants' counsel, by certified mail and E-Mail, Ilan Weiser, Greenwald Doherty LLP, 30 Ramland Road, Suite 201, Orangeburg, NY 10962, iw@greenwaldllp.com, which is to be received by Defendants' counsel before the close of business on the seventh (7th) day. Plaintiffs will not be entitled to receive the settlement sum until the Rescission Period has expired. This Agreement becomes effective on the 8th day after it is signed by Plaintiffs and not rescinded ("the Effective Date"). If the last day of the Consideration Period falls on a Saturday, Sunday or Holiday, the last day of the Consideration Period shall be the next business day following the weekend or Holiday.

14. <u>Representations by Plaintiffs</u>: Plaintiffs hereby represent and acknowledge that: (a) they have carefully read the Agreement and understands its terms; (b) they have had at least twenty-one (21) days to consider this Agreement prior to signing it; (c) they have been advised to and have consulted with an attorney regarding this Agreement; (d) the consideration provided in this Agreement is sufficient to support the releases in this Agreement; (e) they know that they are giving up important rights; and (f) they are signing this Agreement voluntarily and of their own free will.

**I HAVE READ AND UNDERSTAND THIS AGREEMENT. I UNDERSTAND THAT BY SIGNING IT, I AM GIVING UP IMPORTANT RIGHTS. I HAVE HAD AN OPPORTUNITY TO CONSULT WITH COUNSEL OF MY CHOOSING AND HAVE DONE SO TO THE EXTENT I DESIRED. I AM SIGNING THIS AGREEMENT VOLUNTARILY AND OF MY OWN FREE WILL.**

_____
Victor Jeffrey Peguero-Sosa

Date: 5/9/16

State of ___New York___

County of ___Queens___

    On this 9th day of May, 2016, before me came Victor Jeffrey Peguero-Sosa, to me known and known to me to be the same who executed by hand before me the attached Settlement Agreement on this date.

_____
Notary Public

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20 15

State of ___New York___

County of ___Queens___

_____
Laris A. Perez-Castillo

Date: 5/10/16

    On this 10th day of May, 2016, before me came Laris A. Perez-Ramirez, to me known and known to me to be the same who executed by hand before me the attached Settlement Agreement on this date.

_____
Notary Public

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified in Queens County
Commission Expires April 28, 20 19

State of ___New York___

County of ___Queens___

_____
Rodyn M. Perez Ramirez

Date: 5/2/16

On this 1ᵗʰ day of May_____, 2016, before me came Rodyn M. Perez Ramirez, to me known and known to me to be the same who executed by hand before me the attached Settlement Agreement on this date.

_____
Notary Public

Laan Janush
Notary Public, State of New York
No. 01JA6171417
Qualified in Queens County
Commission Expires April 28, 20__

X _____
On behalf of himself and La Cremaillere
Restaurant Corp. d/b/a La Cremaillere
Restaurant

State of _____New York_____

County of _____New York_____

On this 12 day of MAY_____, 2016, before me came Robert Meyzen, to me known and known to me to be the same who executed by hand before me the attached Settlement

\*\*\*\*\*THIS SECTION HAS BEEN LEFT INTENTIONALLY BLANK\*\*\*\*\*

Ilan Weiser
Notary Public, State of New York
No. 02WE6248664
Qualified In Nassau County
Commission Expires Sept. 19, 20__

16

*****THIS SECTION HAS BEEN LEFT INTENTIONALLY BLANK*****

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VICTOR JEFFREY PEGUERO-SOSA, LARIS A. PEREZ-CASTILLO, and RODYN M. PEREZ-RAMIREZ, | Case No.: 15-CV-2125 |
| Plaintiffs, | |
| -against- | **STIPULATION OF DISMISSAL WITH PREJUDICE** |
| LA CREMAILLERE RESTAURANT CORP., and ROBERT MEYZEN a/k/a ROBERT MAZEN, an individual, | |
| Defendants. | |

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel, that the above-entitled action, and all claims asserted therein, be dismissed with prejudice The Court will retain jurisdiction of this matter for the sole purpose of enforcing the Settlement Agreement.

Dated: _____

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375

Dated: _____

GREENWALD DOHERTY
Attorneys for Defendants
30 Ramland Road, Suite 201
Orangeburg, NY 10962

By: _____
   Puja Sharma, Esq.
   Pujasharma517@gmail.com

By: _____
   Ilan Weiser, Esq.
   IW@greenwaldllp.com

_____

So Ordered.
HON. JUDITH C. MCCARTHY
U.S.M.J.

2

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

VICTOR JEFFREY PEGUERO-SOSA, LARIS A. PEREZ-CASTILLO, and RODYN M. PEREZ-RAMIREZ,

        Plaintiffs,

        -against-

LA CREMAILLERE RESTAURANT CORP., and ROBERT MEYZEN a/k/a ROBERT MAZEN, an individual,

        Defendants.

Case No.:  15-CV-2125 (CS)(JCM)

**AFFIDAVIT OF**
**CONFESSION OF**
**JUDGMENT OF LA**
**CREMAILLERE**
**RESTAURANT CORP.**

STATE OF NEW YORK      }
                       }S.S.
COUNTY OF NEW YORK   }

ROBERT MEYZEN, being duly sworn, deposes and says:

    1.    That I am the owner of La Cremaillere Restaurant Corp.

    2.    I have authority to sign on behalf of myself, or on behalf of La Cremaillere Restaurant Corp. as the Owner, Officer, Director, Member and/or Authorized Shareholder of the undersigned entity, or a duly designated and authorized representative of the undersigned entity, and as a Defendant in the above-captioned action, and I am duly authorized to make this on La Cremaillere Restaurant Corp.'s behalf.

    3.    That La Cremaillere Restaurant Corp. maintains a principal place of business at 46 Bedford-Banksville Road, Bedford, NY 10506.

    4.    The Undersigned hereby confesses judgment and authorizes entry of judgment against it in the sum of Thirty Thousand and 00/100 Dollars ($30,000.00), minus any payments already made pursuant to the terms of the Settlement Agreement (the "Agreement") between Plaintiffs and the Undersigned, with the remaining balanced doubled, together with interest from the date of the default to the date of entry of judgment, computed as provided in 28 U.S.C.

§1961; statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; and reasonable attorneys' fees and interest, computed as provided in 28 U.S.C. §1961, incurred in entering and enforcing the judgment.

5.      This confession of judgment is for a debt justly due to Plaintiffs pursuant to the Agreement dated MAY 12, 2016, and the Defendants' default in payment under the Agreement.

By: Robert Meyzen, Owner

## ACKNOWLEDGMENT

On this 12 day of MAY, 2016, before me personally came Robert Meyzen and acknowledged himself to be the owner of the above-named corporation or business entity, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing his name on behalf of the corporation by himself as the owner.

Sworn to before me
this 12 day of MAY, 2016

Notary Public

Ilan Weiser
Notary Public, State of New York
No. 02WE6248664
Qualified in Nassau County
Commission Expires Sept. 19, 20 19

2